UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

A2 SOLUTIONS and REGINALD BROWN,

    Plaintiff(s),

v.

SHANTE L. HENDERSON,

    Defendant(s).

NO. C07-1403MJP

ORDER ON MOTION FOR 60-DAY EXTENSION

The above-entitled Court, having received and reviewed Plaintiffs' "Motion for 60 Day Extention (Extinuating Circumstances)" (*sic;* Dkt. No. 11) makes the following ruling:

IT IS ORDERED that the motion is DENIED.

Plaintiff Brown is attempting to prosecute a private civil action against a Washington defendant while incarcerated in Arizona. In this motion, he seeks further time to meet certain pretrial deadlines imposed in all civil actions before this Court, and additionally seeks the Court's assistance in requiring the Arizona prison authorities to grant him access to the institutional legal facilities for the purposes of pursuing this litigation.

The right of incarcerated plaintiffs to court access traces its lineage from the seminal case of Bounds v. Smith, 430 U.S. 817 (1977). That right is not unlimited, and its boundaries extend principally to litigation concerning vindication of constitutional rights at trial and sentencing and challenges to conditions of imprisonment which threaten constitutional guarantees.

> In other words, Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. . . Impairment of any *other* litigating capacity [beyond that needed to attack sentences or challenge conditions of confinement] is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration. . . [A] prisoner has no constitutional right to litigate an unrelated civil claim.

**ORD ON MTN FOR
EXTENSION OF TIME - 1**

Simmons v. Sacramento Superior Court, 318 F.3d 1156, 1160 (9th Cir. 2003) (emphasis in original).

It is clear from Plaintiff's motion that, in addition to simply seeking more time to prosecute his civil claims, he is requesting the Court to intervene in the administration of the Arizona penal institution where he is incarcerated for purposes permitting him greater access to their law library. Plaintiff does not cite, nor is this Court aware of, any statutory or case authority which would give this Court the power to dictate to the Arizona prison authorities how they operate their facility.

The simple fact of the matter is that Plaintiff Brown is not in a position to maintain a civil lawsuit of this nature at this time. The Court will deny Plaintiffs' motion, but will entertain a motion for voluntary dismissal of this matter without prejudice to re-file the complaint at any time within the statute of limitations.

The clerk is directed to provide copies of this order to all parties.

Dated: January _18_, 2008

*Marsha J. Pechman* (signature)

Marsha J. Pechman
U.S. District Judge

**ORD ON MTN FOR EXTENSION OF TIME - 2**